## EVANS v. MOLYNEUX et.

Ohio Appeals, 5th Dist., Muskingum Co.

No. 351. Decided Nov. 22, 1927.

Syllabus by Editorial Staff.

**1271. WILLS AND LEGACIES.**

Words "To have and possess all of my real and personal property to have and use for her own personal benefit and to distribute as she may direct" held to pass fee simple title. Words of perpetuity not necessary.

Appeal from Common Pleas.

Findings approved.

## STATEMENT OF FACTS.

The only question involved in this ca the construction of the will of William Cowell. The estate taken by his widow is determined by the construction placed upon this will. The contesting defendants claim that the will created a trust of some kind in Catherine Cowell, and that the property reverts to the Cowell heirs entirely. Article 2 of the will, reads as follows: "It is my will that my beloved wife, Catherine Cowell, to have and possess all of my real and personal property to have and use for her own personal benefit and to distribute as she may direct."

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEMERT, J.

At the time this will was executed, the record in the case shows that the testator was then a resident of South Zanesville, Muskingum County, Ohio, died testate and left a widow, Catherine E. Cowell, surviving him. They had no children. The nearest relatives consisted of brothers and sisters of the husband and wife. Mrs. Cowell died Feb. 17, 1925. At the time of testator's death, Mr. Cowell owned in fee simple title a residence in South Zanesville, Ohio. After the death of the widow, her brother, Charles H. Evans, brought a proceeding to partition said real estate under favor of the Statute that gives one-half to the brothers and sisters of the deceased husband, and one-half to the brothers and sisters of the deceased wife. A cross-petition was filed seeking construction of the will of William E. Cowell, and seeking such a construction as would deprive the brothers and sisters of Catherine E. Cowell from taking any part in said real estate. A hearing on said construction was had in the Common Pleas Court and the will was construed as to bear out the contention of the plaintiff herein, and the Court, in a separate finding of facts, found that Catherine E. Cowell was the owner in fee simple by devise from her husband, William Cowell, of the real estate sought to be partitioned.

The defendants claim this will created some kind of a trust. They do not name the character of the trust or kind of a trust it should be. If the language of this will creates a trust at all it might be termed a "testamentary trust." It would follow that there must be a trustee and a beneficiary; that the legal title, during the continuance of the trust, must be separated from the equitable title. Now, does the language of the will permit such a construction?

The will in question does not provide a trustee nor does it separate the title into a legal and equitable title, nor do the words control the disposition thereof by the devisee, so it appears clearly to us that no trust is created in favor of the heirs of William Cowell or anybody else. We find nothing in this will to clearly indicate that William Cowell intended to pass less than a fee simple to his wife. It is a well known principle of law that in Ohio words of perpetuity are not essential in a will to pass an estate of inheritance. 6 OS. 408. On the other hand, we believe this will is supported by much authority when we construe it to give to the widow of William E. Cowell

simple. Johnson v. Johnson, 51 OS. 446; [...] ey v. Smith, 7 O. C. D. 264; Widows' Home [...] Lippardt, 70 OS. 261.

So that in this case we find:

First: That by the will of William E. Cowell, his wife, Catherine Cowell, became seized in fee simple of the real estate described in plaintiff's petition herein.

Second: That the same descended in equal parts, one-half to the brothers and sisters and the legal representatives of deceased brothers and sisters of said Catherine Cowell, and one-half to the sisters of the deceased husband of Catherine Cowell; (the legal representatives of one of said sisters, who has since deceased, taking the share of one of said sisters of William E. Cowell.)

Third: That said premises are subject to partition among the heirs at law and legal representatives, determined as aforesaid.

The same judgment may be entered in this Court as was entered in the Court below.

(Lemert, J., Shields, J., Houck, J., concur.)